**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHURCH OF OUR SAVIOR, formerly
known as Resurrection Anglican
Church, Inc., a Florida Nonprofit
Corporation,

      Plaintiff,

v.   Case No. 3:13-cv-1346-J-32JBT

THE CITY OF JACKSONVILLE
BEACH, a Florida Municipal
Corporation,

      Defendant.

## **ORDER**

This case is before the Court following a telephone status conference with the parties on February 10, 2015, the record of which is incorporated herein. (See Doc. 144). On November 25, 2014, after a two-day bench trial, the Court issued Findings of Fact and Conclusions of Law on Plaintiff Church of Our Savior's claims under the federal Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, based on Defendant City of Jacksonville Beach's denial of the Church's application for a conditional use permit ("CUP") to build and operate a church on land currently zoned for residential use. (Doc. 116.) The Court found in favor of the City on three of the Church's four remaining counts, but found in favor of the Church on its as-applied challenge under the Equal Terms Provision of RLUIPA. (See id.)

The Court advised the parties that, based on its findings, it intended to enter

judgment directing the City to grant the Church a CUP, but that the City may consider whether to impose reasonable conditions on the permit in accordance with its Land Development Code. (Id. at 45.) The Court directed the parties to confer as to what conditions might be appropriate and the procedure for issuing the permit, and encouraged them to discuss the possibility of resolving the entire case. (Id.) The Court withheld entry of judgment pending the parties' report on their efforts. (Id. at 46.)

The Court initially directed the parties to report by January 12, 2015 (id.), but later extended that deadline and converted the parties' meeting into a mediated session. (See Docs. 123, 130, 137). During this time, the City filed a motion asking the Court to reconsider its Findings of Fact and Conclusions of Law (Doc. 124), and the Church filed a motion for attorney's fees and costs (Doc. 127). The Court suspended the parties' respective deadlines to respond to these motions pending the outcome of the mediation. (Doc. 128.) The City also filed during this time a motion to strike statements from certain of the Church's post-trial filings and for sanctions for making these filings. (Doc. 136.) The Church responded to the motion to strike and for sanctions. (Doc. 140.)

The parties mediated on January 26, 2015. (Doc. 141.) On February 2, 2015, the mediator reported that the parties had reached an impasse on the issue of reasonable conditions on the CUP, as well as resolution of the case. (Id.) The Court therefore set the matter for telephone status conference on February 10, 2015. (Doc. 142.)

During the status conference, while maintaining its opposition to the Court's findings and conclusions, the City suggested that the Court move to the remedial

2

phase and issue its order directing the City to issue a CUP, but allowing the City to consider reasonable conditions in accordance with its procedures and the Land Development Code. The City said it would be able to complete this process within forty-five days. The Church agreed that the City should be directed to issue a CUP, but expressed concern over any further delay and that the City may choose to impose unreasonable conditions.[1]

Upon due consideration, and for the reasons stated on the record during the hearing, the Court agrees that it is appropriate to move to the remedial phase and that the City should now issue the Church a CUP after following its procedures for consideration of reasonable conditions. See LDC § 34-232. The City should then file the CUP with the Court. If the Church contends any condition imposed by the City is unreasonable, it can file its objections in writing, and the City can respond. The Court will then hear argument on the issue, as well as all other pending matters, including the City's motion for reconsideration, the Church's motion for attorney's fees and costs, and the City's motion to strike and for sanctions. Depending on its ruling, the Court will then issue a final judgment.

Accordingly, it is hereby

**ORDERED**:

1.   Pursuant to the Court's Findings of Fact and Conclusions of Law (Doc. 116), the City of Jacksonville Beach is **DIRECTED** to grant the application for

---

[1] Though they disagreed whether the City should be permitted to consider conditions, the parties agreed that, if so permitted, the City would consider the first CUP application, submitted by the Church on March 8, 2013.

3

conditional use permit submitted by the Church of Our Savior on March 8, 2013 and to issue a conditional use permit to the Church, with any reasonable conditions, in accordance with the City's procedures and Land Development Code, no later than **March 25, 2015**.[2] The City's counsel shall provide the Church's counsel with notice ten days in advance of any public proceeding in connection with the issuance of the conditional use permit.

2. On or before **March 25, 2015**, the City shall file with the Court a copy of the CUP issued to the Church, along with any Planning and Development Department report and the transcript of any Planning Commission hearing on the CUP.

3. On or before **April 1, 2015**, the Church shall file any objections to any condition on the permit imposed by the City. Alternatively, by the same date, the Church may file a notice stating that it has no objection to the permit as issued by the City.

4. On or before **April 8, 2015**, the City shall file any response to any objection by the Church.

5. On or before **March 6, 2015**, the Church shall file its response to the City's Motion for Reconsideration (Doc. 124).

6. On or before **March 6, 2015**, the City shall file its response to the Church's Motion for Attorney Fees and Costs Pursuant to 42 U.S.C. § 1988(b) (Doc. 127) and Supplemental Motion for Attorney Fees and Costs Pursuant to 42 U.S.C. §

---

[2] This directive is without prejudice to consideration of the City's Motion for Reconsideration (Doc. 124) or the City's right to appeal the Court's decision upon entry of final judgment.

4

1988(b) (Doc. 143).

7. This case is **SET** for **HEARING** on all pending matters on **April 10, 2015**, at **9:30 a.m.**, before the undersigned in the United States Courthouse, Courtroom 10D, 300 North Hogan Street, Jacksonville, Florida.[3] Following the hearing, as appropriate, the Court will enter final judgment resolving all outstanding issues in the case.

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of February, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies to:

Counsel of record

---

[3] All persons entering the Courthouse must present photo identification to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices are not generally allowed in the building, counsel are permitted to bring those items with them upon presentation to Court Security Officers of a Florida Bar card or Order of special admission pro hac vice.

5